UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GENEVIEVE REED,

                Plaintiff,

-against-

JANE DOE,

                Defendant.

24-CV-10079 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action claiming federal question jurisdiction. By order dated March 25, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. ECF No. 13. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations

omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits - to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id*. at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible - not merely possible -- that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

The following facts are drawn from the 265-page complaint.[1] On October 30, 2024, Plaintiff, a resident of Colorado, filed a criminal complaint in the United States District Court for the District of Colorado. By order dated November 4, 2024, that court dismissed the complaint because Plaintiff, "a private citizen, lacks standing to prosecute a criminal action." *United States v. State of Colorado*, No. 24-mj-201 (D. Colo. Nov. 4, 2024).

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

In the action before this Court, Plaintiff invokes the following federal criminal statutes: 18 USC § 1347 ("health care fraud"); 18 USC § 1365(h)(4) ("bodily injury") 18 USC § 1518 ("Obstruction of criminal investigations of health care offenses"); 18 USC § 1519 ("Destruction, alteration, or falsification of records in Federal investigations"); 18 USC § 373 ("Solicitation to commit a crime of violence"); and 18 USC § 920 ("Rape and sexual assault generally"). (ECF 1-2.) Plaintiff asserts that she has been the "victim of obstruction," that "someone acted as an accessory after the fact," and that "[d]ue to the problems [she] encountered within the 10th Circuit, [she doesn't] believe [she] would receive a fair trial."[2] (ECF 1 at ¶ IA.) In an "Affidavit of Probable Cause," Plaintiff asserts:

> My criminal complaint alleged health care fraud, obstruction, and solicitation to commit a crime of violence, sexual assault. I provide evidence that both patients and their doctors are being harmed intentionally. I reference multiple government agencies, including the Colorado Department of Healthcare Policy and Financing, the Colorado Attorney General office, the Colorado Governor's Office, the Denver District Court, and the Denver Police Department. I reference the Administration for Community Living, and the Office of Civil Rights, both of which are part of the larger Federal Health and Human Services department. I also reference the Federal Bureau of Investigation.

(ECF 1-22.)

Plaintiff claims that she "experienced a number of issues filing" the criminal complaint in Colorado, and that she "shared her safety concerns with the FBI on November 3rd, 2024, regarding an alleged conspiracy between the Federal Court Clerk and the individuals committing healthcare fraud crimes in Colorado." (Id.)

Plaintiff "believe[s]" that the "problems" she experienced with filing the criminal complaint in Colorado "relate" to a closed matter in this Court, *People of the State of New York*

---

[2] Attached to the complaint are 250 pages of documents arising from her efforts to file the criminal complaint in the District of Colorado matter, and internet articles discussing the conduct of various judges and politicians. (*Id.*, Exh. 1-8.)

*v. Trump*, No. 23-CV-03773 (AKH) (S.D.N.Y. July 19, 2023) (remanding criminal matter back to New York State Court, New York County, on the ground that removal under 28 U.S.C. § 1442(a) was not proper). According to Plaintiff, President Trump's case was "politically motivated," and "[e]vidence from [the Colorado case] supports this theory." (ECF 1 ¶¶ IA, III.)

Plaintiff seeks to:

> file my criminal complaint and reopen case no 23CV3773 as a related case, because my evidence suggests that it involves the same conspirators as the ones involved in case no 1:24-mj-00201. I was unable to access filing permissions for the purpose of filing an intervenor complaint, or a motion to reopen case no 23CV3773, so I chose to file a new complaint so my information would be on the record.

(*Id.* ¶ III.)

Plaintiff identifies the Defendant in this matter, Jane Doe, as the "individuals allegedly involved in the 'widespread resistance by state and local governmental authorities to Acts of Congress.'" (*Id.* ¶ IB.)

Plaintiff seeks the following relief:

> My criminal case, 1:24-mj-00201, combined with President-elect Trump's efforts to remove his hush money case from the state court, suggest that the predatory individuals infested within the state of Colorado are conspiring within our Judicial System, and that they are using President-elect Trump as a way of pushing their interests. The events associated with both of these cases suggest that the individuals seeking the immunity rulings, for the purpose of being able to harm others without recourse, are also allegedly plotting to assassinate President-elect Trump. I ask that the Court take the appropriate steps to address the serious issues raised by both of these cases.

(ECF 1-22.)

Plaintiff has subsequently filed multiple documents seeking various forms of relief both related and unrelated to the claims in this complaint. (ECF 3-5, 7-8, 11-22.)

4

## DISCUSSION

Plaintiff is attempting to file a criminal complaint. She lacks standing to do so; she cannot initiate a criminal prosecution for the same reason set forth in the order from the District of Colorado, *United States v. State of Colorado*, No. 24-mj-201 (D. Colo. Nov. 4, 2024).

Although her complaint is difficult to understand, Plaintiff may also be asking this Court to order a prosecutor to initiate a criminal proceeding based on the facts in her complaint. The decision to prosecute is solely within the discretion of the prosecutor. *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff, nor this or any other court, can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

To the extent that Plaintiff seeks to file a criminal action, the Court dismisses the complaint for lack of standing. The Court dismisses Plaintiff's claims seeking to have the federal prosecutor file a criminal complaint, based on the facts contained in her complaint, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). .

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court denies all pending motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   June 25, 2025
         New York, New York

                                          /s/Kimba M. Wood
                                          KIMBA M. WOOD
                                          United States District Judge